IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JRV GROUP USA L.P., a Delaware limited partnership,[1]<br><br>　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No.: 19-11095 (CSS) |
| JRV GROUP USA L.P., a Delaware limited partnership,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>TPG PAYROLL & HR SERVICES, INC.,<br><br>　　　　　　　　　　Defendant. | Adv. Proc. No. 19-_____ (CSS) |

**COMPLAINT FOR (1) BREACH OF WRITTEN CONTRACT, (2) BREACH OF FIDUCIARY DUTY, (3) CONVERSION, AND (4) TURNOVER**

Plaintiff, JVR Group USA L.P. ("JRV," the "Debtor" or "Plaintiff"), for its *Complaint for Breach of Written Contract, (2) Breach of Fiduciary Duty, (3) Misappropriation, and (4) Turnover* (the "Complaint") against TPG Payroll & HR Services, Inc. ("TPG" or the "Defendant"), alleges as follows:

**Nature of the Action**

1.　　　Plaintiff brings this action against the Defendant to recover sums entrusted by the Debtor to Defendant for the payment of the Debtor's federal and states taxes, which funds the Defendant failed to pay to the taxing authorities in a full or in a timely manner, but which Defendant rather misappropriated or allowed to be misappropriated, entitling Plaintiff to recover

---

[1] The Debtor's last four digits of its taxpayer identification number are (5218). The headquarters and service address for the above-captioned Debtor is 1945 Burgundy Place, Ontario, CA 91761.

amounts not timely paid, plus interest and penalties thereon, and for an order that Defendant turnover funds that constitute property of the Debtor's estate.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") has jurisdiction over this adversary proceeding under chapter 11 of title 11, United States Code (the "<u>Bankruptcy Code</u>") and pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), (A),(E) and (O), and the Bankruptcy Court may enter final orders for the matters contained herein.

4. Plaintiff confirms its consent pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the entry of final orders or judgments by the Bankruptcy Court to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

6. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

7. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 541 and 542.

**The Parties**

8.      On May 13, 2019 (the "Petition Date"), the Debtor, Plaintiff herein, commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 4, 2019, the Office of the United States Trustee ("UST") appointed an Official Committee of Unsecured Creditors (the "Committee") in the Case [Docket No. 59].

9.      Additional factual background regarding the Debtor, including its historical business operations and the events precipitating the chapter 11 filing, is set forth in the *Declaration of Andrew De Camara, Chief Restructuring Officer, in Support of First Day Motions* [Docket No. 2] (the "First Day Declaration"), and fully incorporated herein by reference.

10.     Defendant, TPG, is a California corporation doing business in no less than the states of California, Idaho, Arizona and Illinois.

**Background Facts**

11.     On or about February 1, 2018, Plaintiff's predecessor in interest, American Fastbacks Inc. ("American Fastbacks"), entered into a written Payroll Processing Services Agreement (the "Agreement") with Defendant pursuant to which Defendant agreed to provide payroll services to American Fastbacks, including the computation and issuance of payroll deposits for American Fastbacks' employees, the preparation of tax reportings to federal taxing authorities and the State taxing authorities, as well as the payment of all taxes owed to those taxing authorities in an accurate and timely manner. A true and correct copy of the Agreement is attached hereto and incorporated herein by reference as **Exhibit "A."**

12. On or about November 30, 2018, pursuant to the terms of an Asset Purchase Agreement, Plaintiff purchased substantially all of the assets of American Fastbacks Inc., including all contracts relating to American Fastbacks' business, resulting in Plaintiff becoming the successor in interest to American Fastbacks with respect to the Agreement. Pursuant to Section 9.I. of the Agreement, Plaintiff and Defendant became bound to the terms thereof.

## FIRST CLAIM FOR RELIEF

### (For Breach of Written Contract)

13. The Plaintiff repeats and realleges the allegations in each of paragraphs set forth above, as though fully set forth herein.

14. As provided in Section 3 of the Agreement, Plaintiff permitted Defendant to debit Plaintiff's monetary accounts in such amounts as necessary to (a) fund Plaintiff's direct payroll deposits for employees, (b) pay any fees or charges associated with this service, (c) pay Plaintiff's payroll taxes, (d) pay any debit, correcting or reversing entry initiated pursuant to the Agreement and (e) pay any other amounts that become owed under the Agreement. As to amounts withdrawn by Defendant from Plaintiff's accounts for payroll taxes, Defendant agreed to hold such amounts at "TPG Payroll & HR Services Institution" until such time as those payments became due to the appropriate taxing agencies.

15. Plaintiff has performed all of the terms and conditions required of it to be performed under the terms of the Agreement, including maintaining sufficient sums in its account for the payment of all payroll, associated costs, and state and federal taxes due.

16. Despite drawing sufficient funds from Plaintiff's accounts to timely fund

4

payroll and payroll taxes due, Plaintiff first learned in early July, 2019, from the Internal Revenue Service (the "IRS") that Defendant made late payments to the IRS for Q4 of 2018 taxes due, resulting in $36,070.44 in penalties, and that Defendant made three (3) insufficient and/or late payments on July 9, 2019 and July 12, 2019 to the IRS for Q1 and Q2 2019 payroll taxes due, resulting in no less than $167,606.50 in underpayments as to which penalties and interest are also owing.

17.    By reason of Defendant's failure and refusal to account for payments of taxes due to state taxing authorities, despite demand therefore, Plaintiff is informed and believes, and thereon asserts, that Defendant failed to pay no less than $121,155.06 in payroll taxes owed to multiple state taxing authorities plus interest and penalties in an amount currently unknown but subject to proof at or before the time of trial.

18.    Despite demands made by Plaintiff before, on and after July 25, 2019, that Defendant account for its disposition of funds it withdrew from Plaintiff's accounts under the terms of the Agreement and to either immediately remit to the IRS and the state taxing authorities all amounts due, including, without limitation, penalties and interest or alternatively to turnover to Plaintiff all of the owed but unremitted funds drawn from Plaintiff's bank accounts both pre- and post-petition, Defendant has not so accounted for the funds, has not remitted all funds owed to the IRS and the state taxing authorities, nor has it turned over such funds to Plaintiff.

19.    The failures by Defendant to perform its obligations under the terms of the Agreement, constitute material breaches of the Agreement for which Plaintiff is entitled to recovery of no less than $288,761.56, currently known assessed IRS penalties of not less than $36,070.44, and such other and additional sums withdrawn from Plaintiff's accounts and not

5

properly disbursed, plus all additional penalty and interest assessments arising from Defendant's breaches, all according to proof.

## SECOND CLAIM FOR RELIEF

### (For Breach of Fiduciary Duty)

20. The Plaintiff repeats and realleges the allegations in each of paragraphs set forth above, as though fully set forth herein.

21. In permitting Defendant to withdraw funds from Plaintiff's money accounts solely for the uses specified in Section 3 of the Agreement, Defendant undertook a fiduciary obligation to hold those funds in trust and utilize the utmost of care as to those funds for the sole benefit of Plaintiff.

22. Defendant breached its fiduciary duty owed to Plaintiff by failing to hold those funds entrusted with it by Plaintiff in trust, and to utilize same only for the payment of payroll taxes due to the appropriate taxing agencies when due.

23. As a result of Defendant's breach of its fiduciary duties to Plaintiff, Plaintiff has been damaged in the sum of not less than $324,832.00, plus interest thereon at the legal rate, until paid in full, plus any additional penalties and interest assessments asserted by the IRS and state taxing authorities by reason of Defendant's breaches, according to proof.

## THIRD CLAIM FOR RELIEF

### (For Conversion)

24. The Plaintiff repeats and realleges the allegations in each of paragraphs set forth above, as though fully set forth herein.

25. Plaintiff is informed and believes and asserts that rather than fulfill its

6

contractual and fiduciary obligations to Plaintiff to hold Plaintiff's funds in trust pending payment to applicable taxing authorities when due, Defendant caused or allowed such funds to be converted for its own purposes all to Plaintiff's detriment. Demand for such funds was made to Defendant, on, before and after July 25, 2019, but Defendant has failed and refused, and continues to fail and refuse to return the funds to Plaintiff, all to Plaintiff's damage in a sum of not less than $324,832.00, plus interest thereon at the legal rate, until paid in full, plus any additional penalties and interest assessments asserted by the IRS and state taxing authorities by reason of Defendant's breaches, according to proof.

## FOURTH CLAIM FOR RELIEF

### (Turnover)

26. The Plaintiff repeats and realleges the allegations in each of paragraphs set forth above, as though fully set forth herein.

27. Prior and subsequent to the Petition Date, Defendant took possession, custody and control over no less than $288,761.56 of the Debtor's property for only the uses permitted under the terms of the Agreement.

28. Defendant failed to utilize the funds for the purposes for which the funds were entrusted to it by Plaintiff, and has no right to retain such funds or utilize same for any other purpose.

29. Pursuant to Section 541 of the Bankruptcy Code, the amounts owed by Defendant to Plaintiff constitute property of the Plaintiff's estate.

30. Section 542 of the Bankruptcy Code requires any entity in possession, custody, or control of property that the Debtor may use, sell, or lease under Section 363 of the

DOCS_LA:323499.4 47430/002

Bankruptcy Code shall deliver such property or the value of same to the Debtor.

31.  Plaintiff made demand on Defendant to turnover the amounts owed to it on, before and after July 25, 2019, but Defendant has failed and continues to fail and refuse to turnover the sums owed to Plaintiff.  Plaintiff is entitled to an order directing Defendant to immediately pay the amounts wrongfully held by Defendant, plus interest at the legal rate until paid in full.

**WHEREFORE,** Plaintiff prays for judgment as follows:

On the First Claim for Relief:

a. For damages in a sum of not less than $324,832.00, and such other amounts that may be assessed against Plaintiff for penalties and interest arising from Defendant's breaches in an amount according to proof;

b. For interest thereon at the legal rate until paid in full;

c. For attorneys' fees and costs according to proof; and

d. For such other and further relief as the Court deems just and proper.

On the Second Claim for Relief:

a. For damages in a sum of not less than $324,832.00, and such other amounts that may be assessed against Plaintiff for penalties and interest arising from Defendant's breaches in an amount according to proof;

b. For interest thereon at the legal rate until paid in full;

c. For attorneys' fees and costs according to proof; and

d. For such other and further relief as the Court deems just and proper.

On the Third Claim for Relief:

a. For damages in a sum of not less than $324,832.00, and such other amounts that may be assessed against Plaintiff for penalties and interest arising from Defendant's breaches in an amount according to proof;

b. For interest thereon at the legal rate until paid in full;

c. For attorneys' fees and costs according to proof; and

d. For such other and further relief as the Court deems just and proper.

On the Fourth Claim for Relief:

a. For an order directing Defendant to immediately turnover to Plaintiff the sum of not less than $288,761.56, or as according to proof;

b. For interest thereon at the legal rate until paid in full;

c. For attorneys' fees and costs according to proof; and

d. For such other and further relief as the Court deems just and proper.

Dated:  August 9, 2019              PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Jeffrey W. Dulberg (CA Bar No. 181200)
Robert M. Saunders (CA Bar No. 226172)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
Wilmington, DE 91899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
E-mail: jdulberg@pszjlaw.com
           rsaunders@pszjlaw.com
           crobinson@pszjlaw.com

Attorneys for Debtor and Debtor in Possession